1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 PAUL MILTON DAVIS, JR., | Case No. EDCV 17-812 JFW(JC) |
| 12            Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| 13       v. | |
| 14 COUNTY OF SAN BERNARDINO, et al., | |
| 15 | |
| 16            Defendants. | |

17

## I.    BACKGROUND AND SUMMARY

18

19        On April 26, 2017, Paul Milton Davis, Jr. ("plaintiff"), who is currently in

20 custody at the North Kern State Prison, is proceeding without a lawyer (*i.e.*, "*pro

21 se*"), and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights

22 Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section

23 1983") against the County of San Bernardino (the "County") and Dr. Uhugibe, for

24 alleged inadequate medical care while plaintiff was an inmate at the West Valley

25 Detention Center ("WVDC").  (Comp. at 1-3, 5).  Plaintiff sues defendant Uhugibe

26 in his official capacity only, and seeks injunctive and monetary relief against both

27 defendants.

28 *///*

1    As the Complaint is deficient in multiple respects, including those detailed

2  below, it is dismissed with leave to amend.

3  **II.    THE SCREENING REQUIREMENT**

4    As plaintiff is a prisoner proceeding *in forma pauperis* on a civil rights

5  complaint against governmental defendants, the Court must screen the Complaint,

6  and is required to dismiss the case at any time it concludes the action is frivolous or

7  malicious, fails to state a claim on which relief may be granted, or seeks monetary

8  relief against a defendant who is immune from such relief.  See 28 U.S.C.

9  §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

10    When screening a complaint to determine whether it states any claim that is

11  viable (*i.e.*, capable of succeeding), the Court applies the same standard as it would

12  when evaluating a motion to dismiss under Federal Rule of Civil Procedure

13  12(b)(6).  See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation

14  omitted).  Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal

15  Rules of Civil Procedure ("Rule 8").  Zixiang Li v. Kerry, 710 F.3d 995, 998-99

16  (9th Cir. 2013).  Under Rule 8, a complaint must contain a "short and plain

17  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

18  8(a)(2).  While Rule 8 does not require detailed factual allegations, at a minimum a

19  complaint must allege enough specific facts to provide *both* "fair notice" of the

20  particular claim being asserted *and* "the grounds upon which [that claim] rests."

21  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and

22  quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

23  (Rule 8 pleading standard "demands more than an unadorned, the-defendant-

24  unlawfully-harmed-me accusation") (citing id. at 555).

25    In addition, under Rule 10 of the Federal Rules of Civil Procedure ("Rule

26  10"), a complaint, among other things, must state a party's claims in sequentially

27  "numbered paragraphs, each limited as far as practicable to a single set of

28  circumstances."  Fed. R. Civ. P. 10(a).

2

1   Thus, to avoid dismissal, a civil rights complaint must "contain sufficient
2   factual matter, accepted as true, to state a claim to relief that is plausible on its
3   face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and
4   quotation marks omitted).  A claim is "plausible" when the facts alleged in the
5   complaint would support a reasonable inference that the plaintiff is entitled to relief
6   from a specific defendant for specific misconduct.  Iqbal, 556 U.S. at 678 (citation
7   omitted).  Allegations that are "merely consistent with" a defendant's liability, or
8   reflect only "the mere possibility of misconduct" do not "*show[]* that the pleader is
9   entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient
10  to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations
11  and quotation marks omitted).  At this preliminary stage, "well-pleaded factual
12  allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the
13  elements of a cause of action" and "legal conclusion[s] couched as a factual
14  allegation" are not.  Id. (citation and quotation marks omitted); Jackson v. Barnes,
15  749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the
16  assumption of truth'") (quoting id.), cert. denied, 135 S. Ct. 980 (2015).

17  *Pro se* complaints in civil rights cases are interpreted liberally to give
18  plaintiffs "the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.
19  2012) (citation and internal quotation marks omitted).  If a *pro se* complaint is
20  dismissed because it does not state a claim, the court must freely grant "leave to
21  amend" (that is, give the plaintiff a chance to file a new, corrected complaint) if it is
22  "at all possible" that the plaintiff could fix the identified pleading errors by alleging
23  different or new facts.  Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d
24  1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122,
25  1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).
26  ///
27  ///
28

3

III.    **PERTINENT LAW**

A.    **Section 1983 Claims**

To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits.  Iqbal, 556 U.S. at 676 (citing, *inter alia*, Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978)).  Hence, a government official – whether subordinate or supervisor – may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation.  OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 134 S. Ct. 70 (2013).

An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted).

A local government entity may be held liable under Section 1983, however, only when some government official took action pursuant to the entity's official policy which "caused" the constitutional deprivation alleged.  Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (citing Monell, 436 U.S. at 691); see also Kirkpatrick v. County of Washoe, 843 F.3d 784, 788 (9th Cir. 2016) (en banc) ("[T]o prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must [] show that his or her injury is attributable to official municipal policy of some nature.") (citation and internal quotation marks omitted).  "Official

4

1  [government] policy includes the decisions of a government's lawmakers, the acts

2  of its policymaking officials, and practices so persistent and widespread as to

3  practically have the force of law." <u>Connick</u>, 563 U.S. at 61 (citations omitted).

4  Bare allegations that a government employee's execution of an unspecified

5  government policy caused a plaintiff's constitutional injury, without more, are

6  insufficient to *show* that a plaintiff is entitled to relief from the government entity

7  pursuant to Section 1983.  <u>See</u> <u>AE ex rel. Hernandez v. County of Tulare</u>, 666 F.3d

8  631, 637 (9th Cir. 2012) (citation omitted).

9       **B.      Eighth Amendment – Deliberate Indifference to Serious Medical**

10            **Needs**

11       Prison officials violate the Eighth Amendment when they respond with

12  deliberate indifference to an inmate's serious medical needs.  <u>Estelle v. Gamble</u>,

13  429 U.S. 97, 103-05 (1976) (citations and footnotes omitted).

14       An inmate's medical need is sufficiently "serious" if, objectively, the failure

15  to treat it "will result in significant injury or the unnecessary and wanton infliction

16  of pain." <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc)

17  (citations and internal quotation marks omitted), <u>cert. denied</u>, 135 S. Ct. 946 (2015).

18

19       A prison official acts with deliberate indifference when the official is

20  subjectively aware of, but *purposefully* ignores or fails to respond to an "excessive

21  risk to inmate health" (*i.e.*, a serious medical need). <u>Colwell v. Bannister</u>, 763 F.3d

22  1060, 1066 (9th Cir. 2014) (citations omitted).  A defendant's alleged indifference

23  must be "substantial." <u>Estelle</u>, 429 U.S. at 105-06; <u>Lemire v. California</u>

24  <u>Department of Corrections and Rehabilitation</u>, 726 F.3d 1062, 1081-82 (9th Cir.

25  2013)  (citations omitted).  A prison doctor's mistake, negligence, or malpractice

26  does not establish deliberate indifference to serious medical needs. <u>Estelle</u>, 429

27  U.S. at 105-06.  "[T]he official must both be aware of facts from which the

28  inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." <u>Colwell</u>, 763 F.3d at 1066 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)) (quotation marks omitted).

A prisoner need not prove that he or she was completely denied medical care. <u>Lopez</u>, 203 F.3d at 1132. Rather, deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." <u>Estelle</u>, 429 U.S. at 104-05 (footnotes omitted). Mere disagreement with a defendant's professional judgment concerning what medical care is most appropriate under the circumstances, however, is insufficient to show deliberate indifference. <u>Hamby v. Hammond</u>, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted). Hence, the medical care a defendant provided to an inmate amounts to deliberate indifference only if the doctor chose a course of treatment that "was medically unacceptable under the circumstances" and did so "in conscious disregard of an excessive risk to plaintiff's health." <u>Colwell</u>, 763 F.3d at 1068 (citations and internal quotation marks omitted).

## IV. DISCUSSION

Here, the Complaint is deficient in at least the following respects:

First, the Complaint violates Rule 10 because it does not allege claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Second, plaintiff appears to be suing duplicative defendants as he sues the County and defendant Uhugibe in his official capacity only. Naming a government official in his or her "official capacity" as a defendant in a civil rights lawsuit is simply another way of bringing the action against the official's government entity employer itself. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) (citing <u>Monell</u>, 436 U.S. at 690 n.55). An official-capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity." <u>Id.</u> at 166 (emphasis in original). Accordingly, "[w]hen both a municipal officer and a local government

6

1  entity are named [as defendants], and the officer is named only in an official

2  capacity, the court may dismiss the officer as a redundant defendant." Center for

3  Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department, 533 F.3d 780,

4  799 (9th Cir. 2008) (citation omitted), cert. denied, 555 U.S. 1098 (2009); Lara v.

5  County of Los Angeles, 2013 WL 100192, *3 (C.D. Cal. Jan. 8, 2013) ("Where

6  plaintiffs sue both a local government entity and agents of that entity in their

7  official capacities, courts may dismiss the official capacity claims as duplicative.")

8  (citing, in part, Luke v. Abbott, 954 F. Supp. 202, 204 (C.D. Cal. 1997); Vance v.

9  County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996)).

10      Third, the Complaint fails to state a viable Section 1983 claim for municipal

11  liability against the County and defendant Uhugibe in his official capacity. In short,

12  plaintiff does not allege, let alone plausibly allege, that the County – or any

13  government official – took any action pursuant to a specific, official government

14  policy which caused an alleged constitutional violation. See, e.g., Kirkpatrick, 843

15  F.3d at 788 ("[T]o prevail on a claim against a municipal entity for a constitutional

16  violation, a plaintiff must also show that his or her injury is attributable 'to official

17  municipal policy of some nature.'") (quoting Monell, 436 U.S. at 691).

18      Fourth, petitioner's claim neither specifies the date, the time, the place of, nor

19  the person involved in any particular incident(s) which allegedly caused a

20  constitutional deprivation. (Comp. at 5). Nor are such facts readily ascertainable

21  from the allegations in the Complaint. See, e.g., Twombly, 550 U.S. at 565 n.10

22  (conclusory allegations which furnish "no clue" as to "specific time, place, or

23  person involved in" alleged misconduct, and which leave defendant "little idea

24  where to begin" when answering, insufficient to state a viable claim under Rule 8

25  pleading standard); see also Iqbal, 556 U.S. at 680-84 (conclusory allegations in

26  complaint which amount to nothing more than a "formulaic recitation of the

27  elements" insufficient under Rule 8 pleading standard) (citations omitted); cf.

28  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (Rule 8 does not explicitly

7

demand complaint to allege specific detail regarding when challenged activities occurred if "the dates of the alleged misconduct readily could be ascertained").  To the extent plaintiff suggests that he has stated a Section 1983 claim based on the exhibits attached to the Complaint, he is incorrect.  It is not the Court's responsibility to sift through plaintiff's exhibits in an attempt to glean whether plaintiff has an adequate basis upon which to state any claim for relief.  Cf. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1066 (9th Cir. 2009) ("[j]udges are not like pigs, hunting for truffles buried in briefs") (citation omitted); Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."), cert. denied, 540 U.S. 968 (2003).

Finally, the Complaint does not state a viable Eighth Amendment deliberate indifference claim.  Plaintiff's conclusory allegations that an unnamed "mental health doctor" "won't give [plaintiff]" the "right med[ication]," and "won't give [plaintiff] proper medical care" (Comp. at 5) are insufficient to state a viable Section 1983 claim.  See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983.) (citing Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).  In addition, to the extent plaintiff is attempting to allege that the "mental health doctor" acted negligently when treating plaintiff (i.e., "told [plaintiff] he would find out [what medications plaintiff was taking] and [] did not") (Comp. at 5), such allegations would not establish deliberate indifference to serious medical needs.  See Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.") (citing id. at 106);  Smith v. Suiter, 579 Fed. Appx. 608, 608 (9th Cir. 2014) ("mistakes, negligence, or

malpractice by medical professionals are not sufficient to constitute deliberate indifference. . .") (citing <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057-60 (9th Cir. 2004)).

## V.   ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1.     The Complaint is dismissed with leave to amend.  If plaintiff intends to pursue this matter, he shall file a First Amended Complaint within twenty (20) days of the date of this Order which cures the pleading defects set forth herein.[1] The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion.

2.      In the event plaintiff elects not to proceed with this action, he shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

**3.     Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint or Notice of Dismissal, may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, and/or for**

---

[1]Any First Amended Complaint must:  (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in sequentially numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each defendant did and how that defendant's conduct specifically violated plaintiff's civil rights; and (i) not change the nature of this suit by adding new, unrelated claims or defendants, cf. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – *i.e.*, a pleading that alleges unrelated violations against different defendants).

1  **failure diligently to prosecute and/or for failure to comply with the Court's**
2  **Order.**
3      IT IS SO ORDERED.
4  DATED: July 24, 2017
5
6  _____
7  HONORABLE JOHN F. WALTER
   UNITED STATES DISTRICT JUDGE
8
9  Attachments
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10